KING, Judge.
The sole issue presented by this appeal is whether or not the trial court was correct in granting a declaratory judgment declaring null and void and no longer in effect certain provisions in an act of sale of land relating to a reservation of use of buildings and improvements for a camp located on the land sold.
Lloyd Savoy and Huey McCauley (hereinafter plaintiffs), owners of certain immovable property in Allen Parish, Louisiana (hereinafter the property), brought suit against Wanda Lormand Mayfield, Virginia Lormand Richard, and Ethel Lormand Newman (hereinafter defendants) to declare the property free of a reservation of use of buildings and improvements used for a camp (hereinafter the Willis Lormand Camp) located on the property. The property was owned originally by Willis Lor-mand and Mrs. Eleanor Nevils Lormand, the defendants’ parents. Defendants and their other sister, Lilly Lormand Rougeau, inherited the property from their parents, along with certain other immovable property. All of this inherited property was owned by the sisters in indivisión.
On March 12, 1970, an Act of Partition was filed to divide all of the inherited property between the sisters. Wanda Lormand Mayfield received the property as her part of the partition. However, the Act of Partition stated that Wanda Mayfield received the property “less and except the building and improvements known as Willis Lor-mand’s Camp located on the southeast bank of the Calcasieu River.” The effect of this Act of Partition was to leave the defendants and their sister, Lilly Rougeau, each owning an undivided one-fourth QA) interest in and to the Willis Lormand Camp located on the property then owned by Wanda Lormand Mayfield.
On June 12, 1970, the property was sold by Wanda Mayfield to Frank Daniel by a private act of sale. This act was recorded on June 15, 1970. The property transferred in this act of sale was described as follows:
“[A]ll and singular the following described property situated in the Parish of Allen, State of Louisiana, together with all the buildings, improvements, appurtenances and privileges thereon and thereto belonging, or in anywise appertaining, to-wit:
Beginning at the Southwest Corner of the Southeast Quarter of the Southeast Quarter (SW/c of SE/4 of SE/4) of Section Three (3), Township Seven (7) South, Range Six (6) West, Louisiana Meridian, Allen Parish, Louisiana, thence North 1,358 feet, thence East 669.5 feet, thence South 48 degrees 14 minutes East 438.4 feet, thence South 21 degrees 30 minutes East 416.0 feet thence West 812.0 feet, thence South 679.0 feet, thence West 337.0 feet to point of beginning, containing 20.37 acres, more or less, as per plat dated June 8, 1970 attached hereto and made part hereof by reference.
And said property being the same property acquired by vendor by Act of Partition between she and Mrs. Lilly Fontenot Rougeau, et al, dated February 28, 1970 filed for record March 12, 1970 bearing file #207403, Recorded in Conveyance Book 170 at page 698, Records of Allen Parish, Louisiana; Vendor reserves buildings and improvements known as Willis Lormand’s camp located on the Southeast Bank of the Calcasieu River. Use of these buildings and improvements is restricted to a period of twenty-five years or until such time as any of the owners sells her interest in the building and improvements at which time the entire right of use shall be forfeited.”
On November 20,1974, two separate acts of sale were executed involving the Willis Lormand Camp. In one document Wanda Mayfield sold her undivided interest in the Willis Lormand Camp to her sister, Virginia Richard; in the other act, Lilly Lor-mand Rougeau sold her undivided interest in the Willis Lormand Camp to her sister, Ethel Lormand Newman. Each of the acts of sale contained the following description of the property sold:
“Her undivided one-fourth (Vk) interest in and to the two story frame Camp Build *254 ing being 30 feet X 20 feet on concrete slab, with attached boat shed, with all improvements, located on leased land of Frank Daniel, known as the Willis Lor-mand Camp located on the southeast bank of the Calcasieu River in the Southeast Quarter of the Southeast Quarter (SE Vi of the SE lk) of Section three, Township Seven South of Range Six West (3-7-6) being the same Camp Building vendor inherited from her parents.”
Both of these acts of sale were recorded on November 21, 1974.
On March 16, 1984, Frank Daniel and his wife, Mildred Hodges Daniel, executed a cash warranty deed selling the property to the plaintiffs, Huey S. McCauley and Lloyd Savoy. The property sold in this cash warranty deed was described as:
“Beginning at the Southwest Corner of the Southeast Quarter of the Southeast Quarter of Section (3), Township Seven (7) South, Range Six (6) West, Louisiana Meridian, Allen Parish, Louisiana, thence North 1,358 feet, thence East 669.5 feet, thence South 48 degrees 14 minutes East 438.4 feet, thence South 21 degrees 30 minutes East 416.0 feet, thence West 812.0 feet, thence South 679.0 feet, thence West 337.0 feet to the point of beginning, containing 20.37 acres, more or less, as per plat dated June 8, 1970 attached hereto and made a part hereof by reference.”
There was no mention in this cash warranty deed of the buildings and improvements, known as the Willis Lormand Camp, located on the property.
On May 24, 1985, plaintiffs filed this suit seeking a declaratory judgment. Plaintiffs sought a declaratory judgment that the reservation of use contained in the private act of sale by defendant, Wanda Lormand Mayfield, to Frank Daniel, which related to the Willis Lormand Camp, was null and void. Plaintiffs have the right to bring this suit since the provisions are in a document affecting their title. La.C.C.P. Art. 1872; Meaux v. Southdown Lands, Inc., 361 So. 2d 974 (La.App. 3 Cir.1978).
Trial was held on May 28, 1986, and judgment was rendered granting plaintiffs’ demand. The trial court declared that the reservation of the use of the buildings and improvements on the property known as the Willis Lormand Camp, was “null and void and no longer in effect.” A written judgment was signed on April 10, 1987. Defendants timely appeal. We affirm.
The reservation of use in the deed executed by Wanda Mayfield to Frank Daniel contained a suspensive condition. This reservation had two alternative suspensive conditions which were either (1) the passage of twenty-five years or (2) the time at which “any of the owners sell her interest in the building and improvements [the Willis Lormand Camp].” The latter event occurred on November 20, 1974, when the two acts of sale previously described were executed and two of the defendant sisters sold their undivided ownership interest in the Willis Lormand Camp to the other two defendant sisters.
Wanda Mayfield could not sell the undivided ownership interest of her sisters in the Willis Lormand Camp. However, she was free to dispose of her interest in the property, as the owner of the entire property, and to dispose of her undivided interest in the Willis Lormand Camp, as the owner of an undivided one-fourth interest. Her sale to her sister of her undivided interest in the Willis Lormand Camp terminated the reservation of use she had made at the time of her sale of the property to Frank Daniel.
The sole issue in the instant suit is not the ownership of the Willis Lormand Camp but whether or not the reservation of use in the deed executed by Wanda Mayfield to Frank Daniel is presently in effect. Since one of the alternate conditions for termination of the reservation of use has occurred, the trial court correctly declared the reservation of use of the Willis Lor-mand Camp on the property to be null and void and no longer in effect. The buildings and improvements located on the property belong to defendants, Virginia Lormand Richard and Ethel Lormand Newman, as evidenced by instruments filed for registry in the conveyance records of the parish in which the property is located. The build *255 ings and improvements were allowed to remain on the property by consent of the previous owners, Wanda Lormand Mayfield and Frank Daniel, and are subject to the provisions of La.C.C. Arts. 464, 491, and 495.
For these reasons we affirm the judgment of the trial court. All costs of this appeal are taxed to defendants-appellants.
AFFIRMED.